**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**Civil Action No. 5:22-cv-00100-LLK**

CYNTHIA C.                                                                                              PLAINTIFF

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security                          DEFENDANT

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claims for Social Security disability benefits.  Plaintiff's fact/law summary is at Doc. 11, and the Commissioner fact/law summary is at Doc. 15.  The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals.  [Doc. 6].

Plaintiff argues that:  "The ALJ's [Administrative Law Judge's] finding that Plaintiff can perform light work activity is unsupported by substantial evidence, and when the evidence is viewed under the proper legal standard, a finding in favor of Plaintiff is required."  [Doc. 11 at PageID.2307].

Because the argument is unpersuasive and the ALJ's decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**Backgrounds facts and procedural history**

In March 2017, Plaintiff filed applications for disability benefits under Titles II and XVI of the Social Security Act (with an alleged onset of disability on April 24, 2016, and a date last insured for Title II benefits on December 31, 2021).  [Administrative Record, Doc. 9 at 99, 100, 197, 204].

On May 15, 2019, the ALJ issued a prior decision.  *Id.* at 12-34.

On April 30, 2020, the Appeals Council declined to disturb the ALJ's prior decision (rendering it the Commissioner's prior final decision).  *Id.* at 1-3.

On March 31, 2021, this Court reversed the ALJ's decision and remanded for a new decision. *Butler v. Comm'r of Soc. Sec.*, No. 5:20-CV-00082-LLK, 2021 WL 1225959 (W.D. Ky. Mar. 31, 2021) (copy at 699-04).

On November 30, 2021, the ALJ issued a new decision.  [Doc. 9 at 634-51].  The ALJ found that "[b]eginning on October 1, 2020, … [Plaintiff's] age category changed," and she became disabled pursuant to direct application of Rule 202.06 of Appendix 2 of the regulations.  *Id.* at 650.

On June 30, 2022, the Appeals Council declined to disturb the ALJ's decision.  *Id.* at 619-22.

On August 3, 2022, Plaintiff filed the present complaint seeking judicial review of the final decision of the Commissioner (to the extent it denied her disability claims before October 1, 2020).  [Doc. 1].

### The ALJ's decision

Upon remand, the ALJ denied Plaintiff's disability claims during the closed period from April 24, 2016, when she alleges that she became disabled, through approximately October 1, 2020, when her age category changed.  [Doc. 9 at 634-51].  The ALJ's decision was based on the five-step sequential evaluation process, which applies in all Social Security disability cases.

First, the ALJ found that, during the closed period, Plaintiff did not engage in any substantial gainful activity.  *Id.* at 637.

Second, the ALJ found that Plaintiff had the following severe, or vocationally significant, impairments:  lupus, degenerative disc disease, gastroesophageal reflux disease, and gastritis.  *Id.* at 637.

Third, the ALJ found that Plaintiff did not have an impairment that satisfies the medical criteria of any impairment listed in Appendix 1 of the regulations.  *Id.* at 638.

As in any case that proceeds beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC), which is defined as the "most you can still do despite your limitations."  20 C.F.R. § 404.1545(a)(1).  The ALJ found that, notwithstanding her impairments, Plaintiff could:

… perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can sit, stand and walk each up to 30 minutes at a time for a total of up to six hours each in an eight-hour

workday with normal breaks … should never climb ladders, ropes or scaffolds … can occasionally climb ramps and stairs … can frequently stoop, kneel, crouch and crawl … has an unlimited capacity for balancing … needs to avoid concentrated exposure to vibrations … should avoid all exposure to unprotected heights or dangerous machinery.

[Doc. 9 at 638-39].

Fourth, the ALJ found that Plaintiff could not perform any past relevant work.  *Id.* at 648.

Fifth, the ALJ found that Plaintiff retained the ability to perform a significant number of unskilled, light jobs in the national economy such as router, ticket seller, and assembler.  *Id.* at 649.

**Bases for prior remand**

On October 10, 2018, Plaintiff's treating physician Melissa Purvis, M.D., opined, among other things, that Plaintiff, "in an 8 hour workday, … can sit for 2 hours, can stand for 1 hour, and can walk for 1 hour." *Id.* at 617.  Dr. Purvis further opined that Plaintiff "can sit and stand alternately during an 8 hour workday on a sustained basis" for 3 hours.  *Id.*

On March 31, 2021, this Court remanded the ALJ's decision.  *Butler v. Comm'r*, No. 5:20-CV-00082-LLK, 2021 WL 1225959 (W.D. Ky. Mar. 31, 2021) (copy at 699-04).  There were two bases for remand.  *Id.* First, the ALJ's decision failed to weigh Dr. Purvis' opinion in light of the old rules for weighing medical opinions, codified at 20 C.F.R. 404.1527(c)(2), which apply in this case.  *Id.*  Second, the Court was unable to determine how the ALJ reconciled Dr. Purvis' opinion with the ALJ's finding that Plaintiff retains the ability to perform a significant number of light jobs in the national economy.  *Id.*  Specifically, it was unclear how the ALJ reconciled the fact that Dr. Purvis put significant limitations on Plaintiff's ability to stand/walk during an 8-hour workday with the fact that the full range of light work contemplates 6 hours of standing/walking per 8-hour workday (with sitting during the remaining 2 hours). *Id.* (citing Social Security Ruling (SSR) 83-10, 1983 WL 31251).

**The old rules for weighing medical opinions**

3

Because Plaintiff filed her disability claims before March 27, 2017, the old rules for weighing medical opinions apply. *See* 20 C.F.R. § 404.1520c ("For claims filed before March 27, 2017, the rules in § 404.1527 apply.").

The old rules embody a so-called "treating physician" rule to the effect that, generally, treating source medical opinions are entitled to greater weight than opinions of examining and nonexamining sources due to the unique longitudinal perspective of a treating source and the presence of an affirmative duty to treat. The old rules for weighing medical opinions are codified at 20 C.F.R. 404.1527(c)(2) and provide as follows:

> (2) Treatment relationship. Generally, we give more weight to medical opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find that a treating source's medical opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's medical opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the medical opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's medical opinion.

20 C.F.R. 404.1527(c)(2).

### The ALJ's finding that Dr. Purvis' medical opinion was not entitled to "controlling" weight was, at worst, harmless error.

As noted above, 20 C.F.R. 404.1527(c)(2) requires, among other things, that "[i]f we find that a treating source's medical opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight." 20 C.F.R. 404.1527(c)(2).

On November 30, 2021, upon remand, the ALJ issued the decision that is presently before the Court. [Doc. 9 at 634-51]. The ALJ acknowledged that a "treating relationship has been established

4

between the claimant and Dr. Purvis." *Id.* at 647. The ALJ found that Dr. Purvis' opinion is not entitled to "controlling" weight because it is not supported by the "treatment notes of Dr. Purvis, which reflect [only] some decreased reflexes and tone" and some gait abnormalities and because it is "not consistent with other substantial evidence in the medical record," including evidence from "neurosurgical consultants, which often showed normal clinical findings." *Id.* at 647. The ALJ was not required to give Dr. Purvis' medical opinion controlling weight.

Even if the ALJ was required to give Dr. Purvis' opinion controlling weight, the error was, at worst, harmless. This is because the ALJ's ultimate finding of lack of disability is arguably consistent with Dr. Purvis' medical opinion. When ALJ "adopts the opinion of the treating source or makes findings consistent with the opinion, it may be irrelevant that the ALJ did not give weight to the treating physician's opinion, and the failure to give reasons for not giving such weight is correspondingly irrelevant." *Wilson v. Comm'r*, 378 F.3d 541, 547 (6th Cir. 2004).

More specifically, the ALJ found that Plaintiff retains the ability to work as a router, ticket seller, and assembler [Doc. 9 at 649], and the vocational expert (VE) testified that these jobs can be performed even if the individual is restricted to standing/walking for a "total of three out of eight hours" [Doc. 9 at 693]. As noted above, Dr. Purvis opined that Plaintiff, "in an 8 hour workday, … can sit for 2 hours, can stand for 1 hour, and can walk for 1 hour" and "can sit and stand alternately during an 8 hour workday on a sustained basis" for 3 hours. Id. at 617. In light of the vocational testimony upon remand, the ALJ's findings are not necessarily inconsistent with Dr. Purvis' opinion.

"[N]o principle of administration law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." *Kornecky v. Comm'r*, 167 F. App'x 496, 507 (6th Cir. 2006) (quoting *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir.1989)). The ALJ's finding that Dr. Purvis' medical opinion was not entitled to controlling weight was, at worst, harmless error.

**The ALJ's finding that Dr. Purvis' medical opinion was entitled to "little" weight
was, at worst, harmless error.**

As noted above, 20 C.F.R. 404.1527(c)(2) requires, among other things, that "[w]hen we do not give the treating source's medical opinion controlling weight, we apply the factors [i.e., supportability, consistency, specialization, and other factors] in determining the weight to give the medical opinion." 20 C.F.R. 404.1527(c)(2).

The ALJ found that Dr. Purvis' opinion is entitled to "little" weight. [Doc. 9 at 647]. An "ALJ need not perform an exhaustive, step-by-step analysis of each factor; she need only provide 'good reasons' for both her decision not to afford the physician's opinion controlling weight and for her ultimate weighing of the opinion." *Biestek v. Comm'r*, 880 F.3d 778, 785 (6th Cir. 2017), aff'd sub nom. *Biestek v. Berryhill*, 139 S. Ct. 1148 (2019). Having found that Dr. Purvis' opinion was not entitled to controlling weight, the ALJ was not required to give the opinion more than a little weight.

Even if the ALJ was required to give Dr. Purvis' opinion more than a little weight, the error was, at worst, harmless because (for the same reasons explained above) the ALJ made "findings consistent with [Dr. Purvis'] opinion." *Wilson v. Comm'r*, 378 F.3d 541, 547 (6th Cir. 2004).

**ORDER**

Because Plaintiff's argument is unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Commissioner's final decision is hereby AFFIRMED, and Plaintiff's complaint is DISMISSED.

February 1, 2023

**Lanny King, Magistrate Judge
United States District Court**

6